IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE SMITH and MARIA SMITH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Cause No. 05-CV-584-WDS |
| | ) |
| A.B. CHANCE COMPANY, HUBBEL, INC., | ) |
| and HOWARD INDUSTRIES, INC., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to remand, to which defendants have filed a response.

Plaintiffs' complaint was filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Defendants timely removed the action based upon this Court's diversity jurisdiction. Plaintiffs seek to remand this action.

Plaintiffs do not dispute that diversity exists between the parties; rather, in their one-paragraph motion to remand, plaintiffs assert that the face of the complaint does not disclose an amount in controversy in excess of the jurisdictional amount. See, 28 U.S.C. § 1332(a). In response, defendants claim that it is apparent from the allegations contained in the complaint that the amount in controversy exceeds $75,000. The Court agrees.

As the party seeking to invoke federal diversity jurisdiction, defendants bear the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *Chase v. Shop "N Save Warehouse Foods, Inc*., 110 F.3d 424, 427 (7th Cir. 1997). Defendants must "offer evidence which proves to a reasonable probability that jurisdiction exists." *Id.* (cites omitted).

Here, defendants rely upon the allegations in the complaint to prove that the amount in controversy exceeds $75,000.[1]  The complaint alleges that plaintiff Joe Smith, in the course of his employment as a lineman with Ameren IP, was injured while disconnecting a stinger from a transformer, specifically, he was severely burned and knocked unconscious.  (Compl. ¶¶ 9, 10, 13).  The eight-count complaint alleges, against all defendants: negligence (Count I); breach of warranty (Count II); misrepresentation (Count III); breach of contract (Count IV); and strict liability (Count V).  Count VI sets forth plaintiff Maria Smith's claim for loss of spousal society and consortium, and Count VII seeks punitive damages.

Specifically, the complaint alleges that Joe Smith suffered burns, severe and disabling physical injuries, permanent scarring, potential ongoing physical complications, and psychological injuries, and that he has spent sums of money for medical care, has incurred economic loss, and has been and will continue to be prevented from pursuing his normal activities and employment.  (Compl. ¶¶ 23, 26, 31, 35, 40, 43).  The complaint also alleges that Maria Smith has been deprived of the support, companionship and services of her husband, and that she has been required, and will continue to be required, to perform many tasks and functions formerly performed by her husband.  (Compl. ¶¶ 46, 47).  As stated, plaintiffs also seek punitive damages.

The Court finds that the allegations in the complaint prove "to a reasonable probability" that the amount in controversy requirement exceeds $75,000.[2]  See, e.g, *Johnson v. PS Illinois Trust*, 2005 WL 818397, at *4 (N.D. Ill. April 6, 2005) (amount in controversy requirement

---

[1]Plaintiffs were prohibited under Illinois civil procedure law from praying for specific relief in their complaint in state court. See, 735 ILCS 5/2-604.  According to defendants, plaintiffs represented to the circuit court that they seek damages in excess of $50,001.

[2]The Court note that plaintiffs have not expressly stated that they are *not* seeking damages in excess of $75,000; rather, they merely assert that the face of the complaint does not disclose an amount in controversy in excess of the jurisdictional minimum.

satisfied where plaintiff alleged that she lost $20,000 worth of personal property, she sought punitive damages, and she sought damage for emotional distress, psychological counseling, and the loss of her job, which paid $68,000 per year).

Based on the foregoing, the Court **DENIES** plaintiff's motion to remand.

**IT IS SO ORDERED.**

**DATED: September 30, 2005**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
