IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE SMITH and MARIA SMITH, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>HUBBELL INCORPORATED, et al., )<br>)<br>    Defendants. ) | Case No. 3:05-cv-584-WDS |

**ORDER**

This matter is before the Court on the Motion to Compel Against Non-Party St. Paul Traveler's Insurance filed by the defendants, Hubbell, Inc. and Hubbell Power Systems, Inc., on July 24, 2006 (Doc. 34). The motion is **DENIED WITHOUT PREJUDICE**.

This Court is without jurisdiction to enforce a subpoena issued by the District Court for the Northern District of Illinois. See generally Dynegy Midstream Services v. Trammochem, 451 F.3d 89, 95 (2nd Cir. 2006) ("Not only is service of process geographically limited by Rule 45, but enforcement proceedings are too."); see also United States ex. rel. Pogue v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 486 (6th Cir. 2006). Federal Rule of Civil Procedure 45(e) provides that a person may be found in contempt "of the court from which the subpoena issued" if it fails to obey a proper subpoena. Rule 37(a)(1) further provides that the appropriate court in which to file this motion to compel directed to a non-party is "the court in the district where the discovery is being, or is to be, taken." While this case is filed in this District, the discovery, the production of documents by a third party, is being made in the Northern District. The defendants should petition the District Court for the Northern District of Illinois, the issuing Court, for relief.

If, the defendants believe that they will require additional time to depose the plaintiffs in

this case or that they will be required to re-depose the plaintiffs in light of information the third-party furnishes, they may file an appropriate motion with this Court.

**DATED: July 25, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
