IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE SMITH and MARIA SMITH, | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 05-CV-584-WDS |
| HUBBELL, INC., HOWARD INDUSTRIES, INC., and HUBBELL POWER SYSTEMS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Howard Industries, Inc.'s motion for summary judgment (Doc. 40), and defendants Hubbell Power Systems, Inc., and Hubbell Incorporated's joint motion for summary judgment (Doc. 43). No pleadings have been filed in response to either motion.

## BACKGROUND

Plaintiffs' complaint was filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Defendants removed the action based upon this Court's diversity jurisdiction. Plaintiffs' complaint alleges that plaintiff Joe Smith, in the course of his employment as a lineman with Ameren Illinois Power, was injured on July 18, 2003, while disconnecting a stinger from a transformer; specifically, he was severely burned and knocked unconscious. (Compl., ¶¶ 9, 10, 13). The seven-count complaint alleges, against all defendants: negligence (Count I); breach of warranty (Count II); misrepresentation (Count III); breach of contract (Count IV); and strict liability (Count V). Count VII sets forth plaintiff Maria Smith's claim for loss of spousal

society and consortium, and Count VIII seeks punitive damages.[1]

Specifically, the complaint alleges that Joe Smith was injured by equipment developed, designed, assembled, tested, manufactured, distributed and sold by defendants, in that he suffered burns, severe and disabling physical injuries, permanent scarring, potential ongoing physical complications, and psychological injuries, and that he has spent sums of money for medical care, has incurred economic loss, and has been, and will continue to be, prevented from pursuing his normal activities and employment. (Compl., ¶¶ 6, 7, 23, 26, 31, 35, 40, 43).[2]  The complaint also alleges that Maria Smith has been deprived of the support, companionship and services of her husband, and that she has been required, and will continue to be required, to perform many tasks and functions formerly performed by her husband. (Compl., ¶¶ 46-47). As stated, plaintiffs also seek punitive damages.

Defendants now move for summary judgment.

### **STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (*citing Celotex*

---

[1] Plaintiffs have misnumbered the counts of their complaint, in that there is no Count VI.  However, for purposes of clarity, the Court will refer to the counts as numbered by plaintiffs, as that is what defendants have done in their pleadings.

[2] Where the Complaint refers to "A.B. Chance Company," it in fact should be read to refer to Hubbell Power Systems, Inc., pursuant to the Court's August 26, 2005, Order. (Doc. 16).

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and properly supported, however, the non-movant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

As noted above, plaintiffs have not responded to defendants' motions for summary judgment. While the Court is not obligated to raise arguments *sua sponte* in favor of the nonmoving party, the Court notes the following:

> [W]hile a judge should never engage in advocacy from the bench, he or she has an obligation to raise legal issues that the parties have overlooked or neglected. After all, the judge is on the bench in the first place . . . because of superior legal background, expertise, or credentials, and for that reason [should] not sit as a passive observer who functions solely when called upon by the parties.

*Jones v. Page*, 76 F.3d 831, 850 (*quoting Gonzalez v. Volvo of Am. Corp.*, 734 F.2d 1221, 1225 (7th Cir. 1984) (*internal quotations omitted*). Accordingly, this Court will not raise every argument available to plaintiffs; it will, however, raise every argument necessary for determining the motions presently before the Court.

## ANALYSIS

**1.     Choice of Law**

Defendant Howard correctly points out that a district court sitting in diversity must apply the conflict of law rule for the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Here, Illinois choice of law analysis requires the Court to apply Illinois

law since this state has the "most significant relationship" to the case. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). Illinois clearly has the most significant relationship to the case because it is the place of injury and no other state has a more significant relationship with the event or parties. *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996).

2.      **Defendant Howard Industries Inc.'s Motion.**

Defendant Howard Industries, Inc. ("Howard") moves for summary judgment, claiming that it did not manufacture the transformer which was on the utility pole at the time of Joe Smith's accident. (Doc. 40, p. 3). Howard further claims that to date, plaintiffs have not endorsed any experts in this case, nor have they served any written discovery upon any of the defendants or taken any depositions. (Doc. 40, p. 3). Howard argues that plaintiffs, therefore, have not adduced evidence sufficient to sustain any of their claims against defendants. While plaintiffs have not responded to Howard's motion for summary judgment, plaintiffs have appeared for depositions called by the defendants and have participated in all hearings and conferences scheduled by the Court.

To succeed on their claim of negligence contained in Count I, plaintiffs must prove (1) that Howard owed a duty of care to plaintiffs; (2) that Howard breached that duty; and (3) that the plaintiffs' resulting injuries were proximately caused by the breach. *Hooper v. County of Cook*, 851 N.E.2d 663, 668 (Ill. App. Ct. 2006). Howard asserts that the following evidence is uncontroverted: that the transformer on the pole at issue was not energized and could not have caused or contributed to the injuries to Joe Smith; that Joe Smith was injured when he touched the top of the fuse cutout with his left hand; and that Howard was not involved with the design, manufacture or sale of the fuse cutout. (Doc. 40, p. 8).

Howard admits that it is involved in the business of designing, manufacturing and selling transformers. However, Howard denies that one of its transformers was involved in the incident at issue. In any event, Howard further argues, plaintiff Joe Smith was not injured by coming into contact with a transformer. (Doc. 40, pp. 2-3, 8-9).

Indeed, plaintiff's coworkers who were at the job site when his injuries occurred gave deposition testimony indicating that the transformer on the pole at issue had no energy or electricity running to it. (Tolbert Dep., Doc. 43, Ex. C, p. 13, lines 18-22; Martinez Dep., Doc. 43, Ex. 2, p. 22, line 23). Joe Smith himself admitted that he had no reason to believe the transformer was not safe to touch on the date in question. (J. Smith Dep., Doc. 43, Ex. 1, p. 157, line 18). Plaintiff did not know whether the transformer at issue was manufactured by defendant Howard, Allis Chalmers, or Dozer, nor did he know what happened to the subject transformer after the accident (J. Smith Dep., Doc. 43, Ex. 1, p. 148, lines 15-22, p. 156, lines 6-9). Fellow lineman Glenn Tolbert testified that Joe Smith was injured when his left hand touched the top of the fuse cutout, not the transformer. (Tolbert Dep., Doc. 43, Ex. C, p. 35, line 19, p. 36, line 1). Thus, there is no evidence presented that would tend to show that plaintiff Joe Smith was injured by coming into contact with a transformer manufactured by defendant Howard.

Since Howard has shown that it is entitled to summary judgment, plaintiffs must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). Plaintiffs may not simply rest on the allegations contained in their complaint, *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997), because a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] *on the evidence presented.*" *Id.*, at 252 (emphasis added); *see also*, *FDIC v. Meyer, Meyer & Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986) ("If a moving party makes [a showing] that would entitle them to a directed verdict if uncontroverted at trial, summary judgment will be granted unless the party opposing the motion offers competent evidence showing that there is a genuine issue as to material fact.").

Here, there is simply no evidence in plaintiff's favor showing duty, breach, or causation. Thus, there remains no genuine issue of material fact and defendant Howard's motion for summary judgment is granted as to Count 1.

Plaintiffs allege in Count II that all defendants "expressly or impliedly warranted to the general public and to the plaintiff Joe Smith, as a foreseeable user, that their transformers and fuse cutouts were merchantable, reasonably fit for use, and safe for their intended purpose." (Doc. 2, ¶ 28). Count III alleges that all defendants "negligently and intentionally misrepresented to Joe Smith, and other persons similarly situated, and otherwise failed to disclose, the catastrophic risks created by the ordinary and intended use of and contact with their transformers and fuse cutouts." (Doc. 2, ¶ 33). Count IV alleges that all defendants breached their contracts of sale with plaintiffs by selling equipment that injured Joe Smith. (Doc. 2, ¶¶ 36-40). Count V seeks to hold defendants liable on a theory of strict products liability. (Doc. 2, ¶¶ 41-43). Count VII presents a loss of consortium claim by Joe Smith's wife, Maria Smith, against all defendants. (Doc. 2, ¶¶ 44-47). Count VIII seeks punitive damages against all defendants. Defendant Howard is engaged in the business of manufacturing and selling transformers; while the other defendants are engaged in the business of manufacturing and selling fuse cutouts.

For the reasons set forth in discussing Count I, above, the Court **FINDS** that there is no evidence that a Howard transformer was involved in plaintiff's injury, and that plaintiffs have failed to show a genuine issue of material fact for trial as to any claims against defendant Howard. Accordingly, defendant Howard's motion for summary judgment is granted as to Counts II, III, IV, and V. Further, because plaintiff Maria Smith's claim for loss of consortium is derivative of her husband's underlying claims, it must also fail due to the lack of evidence showing a connection between a Howard product and plaintiff Joe Smith's injuries. Therefore, defendant Howard's motion for summary judgment is granted as to Counts VII. Finally, because plaintiffs cannot sustain a claim for punitive damages without a successful claim for compensatory damages, defendant Howard's motion for summary judgment is granted as to Count VIII. As stated above, there is no Count VI listed in plaintiffs' complaint.

3.  **Defendants Hubbell Power and Hubbell Incorporated's Motion.**

Defendants Hubbell Power Systems, Inc., and Hubbell Incorporated (collectively, "the Hubbell corporations") also move for summary judgment. (Doc. 43). Their motion rests primarily on two grounds: (1) the accident was caused by human error and not by product defect; and (2) there is no evidence suggesting that the type of fuse cutout present on the pole at issue influenced plaintiff Joe Smith's conduct.

All of the evidence presented shows that plaintiff Joe Smith was injured when his left hand came into contact with the fuse cutout, (Tolbert Dep., Doc. 43, Ex. C, p. 35, line 19 - p. 36, line 1; Martinez Dep., Doc. 43, Ex. 2, p. 33, line 24 - p. 34, line 4; Doc. 43, Ex. 7), and that but for human error, he would not have touched the fuse cutout at all. (Martinez Dep., Doc. 43, Ex. 2, p. 35, lines 15-17; Tolbert Dep., Doc. 43, Ex. C, p. 40, lines 17-23; Doc. 43, Ex. 7).

After a thorough review of the record, the Court cannot find any evidence whatsoever that would support any of plaintiffs' claims against defendants Hubbell corporations. As stated above, plaintiffs cannot merely rely on the allegations contained in their complaint in defending a motion for summary judgment. *LINC Fin. Corp.*, 129 F.3d *at* 920. Some evidence must be produced to show that there remains a genuine issue of material fact. *Anderson,* 477 U.S. *at* 252. Plaintiffs have not met their burden, and defendants Hubbell corporations' joint motion for summary judgment is, accordingly, granted as to all counts.

## CONCLUSION

Since filing this suit on July 2005, plaintiffs have not served any interrogatories, requests for production, deposed any defendant, their employees or any other witness, neither have they disclosed any expert witnesses. All discovery deadlines having passed, and defendants having filed the motions for summary judgment presently before the Court, pursuant to Fed. R. Civ. P. 56(c), the Court must view the evidence presented in the light most favorable to plaintiffs when determining the motions. Having done so, for the reasons set forth above, defendants' motions for summary judgment (Docs. 40, 43) are hereby **GRANTED** on all grounds raised. Summary judgment is **GRANTED** in favor of all defendants and against plaintiffs on all counts, each party to bear its own costs.

**IT IS SO ORDERED.**

**DATED: May 16, 2007.**

                                                **s/ WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**